# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| Directors of the Ohio Conference of Plasterers and Cement Masons Combined Funds, Inc., | Case No. 3:19-cv-00262 |
| Plaintiffs, | District Judge Thomas M. Rose |
| vs. | Magistrate Judge Sharon L. Ovington |
| ACL GENERAL CONTRACTING, INC., | |
| Defendant. | |

## REPORT AND RECOMMENDATIONS[1]

On October 31, 2019, the Clerk of Court docketed an Entry of Default against Defendant ACL General Contracting, Inc. pursuant to Fed. R. Civ. P. 55(a). (Doc. #8). The Court thereafter granted Plaintiffs' Motion for Default Judgment and directed Defendant to submit to an audit. (Doc. #s 9, 10).

The case is presently before the Court upon Plaintiffs' Request for Entry of Default Judgment as to Damages (Doc. #18) pursuant to Fed. R. Civ. P. 55(b)(2). Plaintiffs seek Entry of Default Judgment in the amount of $708,764.36 in damages, plus $6,565.50 in attorney fees, and $735 in costs. Defendant has neither opposed nor otherwise responded to Plaintiffs' Request for Entry of Default Judgment as to Damages.

Plaintiffs support their Request with the sworn declaration of their Administrator Tim Myers. Myers' declaration establishes that Defendant has submitted to an audit of

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

its books and records conducted by the accounting firm of Clark, Shaefer, Hackett & Co. Following the audit, the accounting firm prepared a Payroll Compliance Report covering the period of July 8, 2014 through December 31, 2019. A copy of the Report is attached as Exhibit 1 to Myers' declaration. In the absence of opposition by Defendant to Plaintiffs' Request, Myers' affidavit and the attached Payroll Compliance Report establish that Defendant is liable to Plaintiffs in the total amount of $708,764.36, representing unpaid and delinquent contributions, liquidated damages, accrued interest through April 30, 2020, and audit costs. (Doc. #20, *PageID* #205).

Plaintiffs also support their Request with the sworn declaration of their lead counsel Thomas R. Kendall of Ledbetter Parisi, LLC. In the absence of opposition by Defendant, Kendall's declaration and attached billing and time records establish that Ledbetter Parisi, LLC performed legal services in this case amounting to $6,565.50 and costs for filing and service totaling $735.

Accordingly, Plaintiffs' Request for Entry of Default Judgment as to Damages is well taken.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiffs' Request for Entry of Default Judgment as to Damages (Doc. #18) be GRANTED; and

2. Default Judgment be entered against Defendant ACL General Contracting, Inc. in the amount of $708,764.36 in damages, $6,565.50 in attorney fees, and $735 in costs.

June 10, 2020                        *s/Sharon L. Ovington*
                                                             Sharon L. Ovington
                                                              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).